UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM R. CLARK, | Case No. 2:24-cv-01720-APG-EJY |
| Petitioner, | **Screening and Service Order** |
| v. | [ECF No. 1] |
| WYOMING DEPARTMENT OF CORRECTIONS STATE PENITENTIARY WARDEN, et al., | |
| Respondents. | |

On September 3, 2024, petitioner William R. Clark filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the District of Wyoming. ECF No. 1 ("Petition").  The District of Wyoming transferred the case to this Court, explaining that (1) Clark is currently incarcerated in Wyoming for his Wyoming convictions, (2) Clark's Nevada convictions will run consecutive to his Wyoming convictions, (3) it is not clear under the law where an inmate serving consecutive sentences for convictions arising out of different states should file his petition, and (4) this Court is in a better position to adjudicate the Petition, which regards Clark's Nevada convictions. ECF No. 2.  On September 17, 2024, this Court ordered Clark to file a complete *In Forma Pauperis* Application or pay his filing fee. ECF No. 5.  Clark timely complied. ECF No. 8.  I now conduct an initial review of the Petition under the Rules Governing Section 2254 Cases ("Habeas Rules") and, for the reasons discussed below, direct service of the Petition.

I.     BACKGROUND[1]

---

[1] I take judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts, which are accessible at https://www.clarkcountycourts.us/portal and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

1  Clark challenges a conviction and sentence imposed by the Eighth Judicial District Court

2 for Clark County ("state court"). *State of Nevada v. William Clark*, C-20-349044-1.  On August

3 3, 2021, the state court entered a judgment of conviction, following a guilty plea, convicting

4 Clark of robbery and burglary.  Clark was sentenced to life without the possibility of parole

5 under the large habitual criminal statute.  Clark appealed, and on June 17, 2022, the Nevada

6 Supreme Court affirmed Clark's judgment of conviction but remanded the case for the state court

7 to correct a clerical error in the judgment of conviction. *William Ronald Clark v. State of*

8 *Nevada*, 82996.  The state court entered an amended judgment of conviction on July 14, 2022.

9  On January 17, 2023, Clark filed a state habeas petition.  The state court denied the

10 petition, Clark appealed, and the Nevada Court of Appeals affirmed on February 28, 2024.

11 *William Ronald Clark*, 87185-COA.  Remittitur issued on March 26, 2024.

12 **II.    DISCUSSION**

13  Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a

14 response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v.*

15 *Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).  This rule allows courts to screen and dismiss

16 petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by

17 procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v.*

18 *Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

19  Following a review of the Petition, I find that a response is warranted, so I direct service

20 of the Petition on Respondents.[2]

21

22 [2] I note, without deciding, that Clark may be entitled to the appointment of counsel given his life
sentence and the complex procedural issues presented in his case.  If Clark desires counsel to be
23 appointed to represent him, he must file a motion.  If Clark does seek to have counsel appointed,
he remains responsible for calculating the running of the federal limitation period and timely
presenting claims.  That is, by setting any future deadline to amend the Petition and/or by

## III.    CONCLUSION

I THEREFORE ORDER that the Clerk of Court (1) add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents, and (2) electronically serve Respondents' counsel a copy of the Petition (ECF No. 1), this Order, and all other items previously filed in this case by regenerating the Notices of Electronic Filing.

I FURTHER ORDER that Respondents' counsel (1) enter a Notice of Appearance within 21 days of entry of this Order and (2) file a response to the Petition, including potentially by motion to dismiss, within 90 days.  Any procedural defenses raised by Respondents shall be raised together in a single consolidated motion to dismiss.  Procedural defenses omitted from such motion to dismiss will be subject to potential waiver.  In any answer filed on the merits, Respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

I FURTHER ORDER that Clark file a reply to Respondents' answer within 45 days of service of the answer.

I FURTHER ORDER that the response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, shall be governed by Local Rule LR 7-2(b).

I FURTHER ORDER that any state court record and related exhibits filed herein by either Clark or Respondents shall be filed with a separate index of exhibits identifying the exhibits by number.  The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment.  If the exhibits filed will span more than

---

granting any extension thereof, I make no finding or representation that the Petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

1   one ECF number in the record, the first document under each successive ECF number shall be

2   either another copy of the index, a volume cover page, or some other document serving as a

3   filler, so that each exhibit under the ECF number thereafter will be listed under an attachment

4   number (i.e., attachment 1, 2, etc.).

5          I FURTHER ORDER that courtesy copies of exhibits shall **_not_** be provided.

6          Dated: October 17, 2024

7                                                        _____

                                                         ANDREW P. GORDON
8                                                        CHIEF UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23