UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM R. CLARK, | Case No. 2:24-cv-01720-APG-EJY |
| Petitioner, | **Order Granting Motion for Appointment of Counsel** |
| v. | |
| WYOMING DEPARTMENT OF CORRECTIONS STATE PENITENTIARY WARDEN, et al., | [ECF No. 15] |
| Respondents. | |

*Pro se* Petitioner William R. Clark transmitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1 ("Petition"). I conducted an initial review of the Petition and directed that it be served on Respondents. ECF No. 11. Clark has now moved for the appointment of counsel. ECF No. 15.

There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196.

Following another review of Clark's Petition and the motion for appointment of counsel, I provisionally appoint the Federal Public Defender to represent Clark. I find that the appointment of counsel is in the interests of justice given, among other things, Clark's life

sentence and his current incarceration in Wyoming, which will affect his ability to research Nevada law.

I THEREFORE ORDER that the motion for appointment of counsel **[ECF No. 15] is granted.** The Federal Public Defender is provisionally appointed as counsel and will have 30 days to (1) undertake direct representation of Clark by filing a notice of appearance or (2) indicate the office's inability to represent Clark in these proceedings. If the Federal Public Defender is unable to represent Clark, I will appoint alternate counsel. Appointed counsel will represent Clark in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.[1]

I FURTHER ORDER that the Clerk of Court electronically provide the Federal Public Defender a copy of (1) this Order, (2) the Petition [ECF No. 1], and (3) the Screening and Service Order [ECF No. 11].

I FURTHER ORDER that the Clerk of Court send a copy of this Order to Clark and the CJA Coordinator for this division.

I FURTHER ORDER that that Respondents' deadline for answering or otherwise responding to the Petition is vacated. A new scheduling order will be entered following the appearance of Clark's counsel.

Dated: October 31, 2024

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Clark remains responsible for calculating the running of the federal limitation period and timely presenting claims. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).