UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM R. CLARK,<br><br>  Petitioner,<br><br>v.<br><br>WYOMING DEPARTMENT OF CORRECTIONS STATE PENITENTIARY WARDEN, et al.,<br><br>  Respondents. | Case No. 2:24-cv-01720-APG-EJY<br><br>**Scheduling Order** |

On October 31, 2024, I granted Petitioner William R. Clark's motion for appointment of counsel and gave the Federal Public Defender 30 days to (1) undertake direct representation of Petitioner by filing a notice of appearance or (2) indicate the office's inability to represent Petitioner in these proceedings. ECF No. 18.  On November 22, 2024, the Federal Public Defender filed a notice of appearance. ECF Nos. 19, 20.  The Federal Public Defender also moved for leave to file a Protective First Amended Petition and for a scheduling order. ECF Nos. 21, 22.

Regarding the former motion, Clark states that his First Amended Petition, ECF No. 21-1, is being filed as a protective petition to ensure that all his claims will be preserved as timely filed. ECF No. 21.  Clark requests leave to file a Second Amended Petition so that he has a reasonable opportunity to prepare an amended petition that fully reflects counsel's considered judgment. *Id.*  Under the Federal Rule of Civil Procedure, a party may amend a pleading with the Court's leave, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ.

Pro. 15(a)(2).  I find that there is good cause for Clark to file a Second Amended petition, so I grant the motion.[1]

I THEREFORE ORDER that the Motion for Leave to File Document and Motion for Scheduling Order **[ECF Nos. 21, 22] are granted**.

I FURTHER ORDER that the Federal Public Defender, through Jonathan M. Kirshbaum, Esq., is appointed as counsel for Petitioner William R. Clark pursuant to 18 U.S.C. § 3006A(a)(2)(B).  Counsel will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

I FURTHER ORDER that Petitioner shall have up to and including 90 days from entry of this Order within which to file a Second Amended Petition and/or seek other appropriate relief.  Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding as to the expiration of the federal limitation period and/or of a basis for tolling during the time period established.  Petitioner remains responsible for calculating the running of the federal limitation period and timely asserting claims, without regard to any deadlines established or extensions granted herein.  That is, by setting a deadline to amend the petition and/or by granting any extension thereof, I make no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely.  *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

I FURTHER ORDER that Respondents shall file a response to the Second Amended Petition, including potentially by motion to dismiss, within 60 days of service of the Second Amended Petition and that Petitioner may file a reply thereto within 30 days of service of the

---

[1] This Order does not affect, in any manner, the operation of the statute of limitations in this case, and the Court does not mean in this order to convey any opinion whatsoever about when the limitations period expires (or expired).

answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, shall be governed instead by Local Rule LR 7-2(b).

I FURTHER ORDER that any procedural defenses raised by Respondents to the Second Amended Petition shall be raised together in a single consolidated motion to dismiss. In other words, I do not wish to address any procedural defenses raised herein either in seriatum fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

I FURTHER ORDER that, in any answer filed on the merits, Respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

I FURTHER ORDER that any state court record and related exhibits filed herein by either Petitioner or Respondents shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment. If the exhibits filed will span more than one ECF number in the record, the first document under each successive ECF number shall be

either another copy of the index, a volume cover page, or some other document serving as a filler, so that each exhibit under the ECF number thereafter will be listed under an attachment number (i.e., attachment 1, 2, etc.).

I FURTHER ORDER that courtesy copies of exhibits shall <u>not</u> be provided.

Dated: November 25, 2024

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE