IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| WILLIAM R. CLARK,<br><br>Petitioner,<br><br>VS.<br><br>WYOMING DEPARTMENT OF CORRECTIONS STATE PENITENTIARY WARDEN, *in her official capacity,* also known as, Warden Molden,<br><br><br>WYOMING ATTORNEY GENERAL,<br><br><br>Respondents, | Case No.  24-CV-00167-SWS |

**AMENDED ORDER TRANSFERRING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254 TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA**

**THIS MATTER** is before the Court on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Court has preliminarily reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the District Court and finds it must be transferred to the United States District Court for the District of Nevada. [1]

*DISCUSSION*

Mr. Clark filed this petition challenging his convictions for robbery and burglary

---

[1] The Court issued this amended order to correct an error that misstated Mr. Clark's criminal history.  The remainder of the Order remains the same and the case remains transferred to the United States District Court for the District of Nevada where it is docketed as *Clark v. Wyoming Department of Corrections State Penitentiary Warden*, 2:24-cv-01720-APG-EJY (D. NV. 2024). The original Order Transferring Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 to the United States District Court for the District of Nevada (ECF 2) **shall be stricken and removed from the public docket**.

out of the Eighth Judicial District Court in Clark County, Nevada. [ECF 1] Mr. Clark is currently serving his sentence in the Wyoming State Penitentiary.

> An action under § 2254 may be filed in either 'the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him.' In such a case, each court has concurrent jurisdiction, and each court is authorized to transfer such cases from one to the other.

§ 1:103. Generally, Federal Habeas Manual § 1:103 (citing 28 U.S.C. § 2241(d)). The habeas statute referenced by the habeas manual specifically discusses jurisdiction when a single state contains multiple federal districts. 28 U.S.C. § 2241(d). That is not the case here. Rather, Mr. Clark is confined in Wyoming, challenging a Nevada sentence imposed by the Eighth Judicial District Court in Clark County, Nevada. The Court determines the district of Nevada is a better place to adjudicate his § 2254 habeas petition. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973) (Alabama state prisoner filed habeas petition in the United States District Court for the District of Kentucky, challenging a Kentucky indictment).

The Court can transfer cases under the Federal Transfer Statute if it is in the interest of justice. 28 U.S.C. § 1631. Courts deciding whether to transfer a case to the proper court consider whether "the new action would be time barred, . . . [if] the claims are likely to have merit . . . and [if] the original action was filed in good faith rather than filed after 'plaintiff either realized that the forum in which he or she filed was improper.'" *Trujillo v. Williams*, 465 F.3d 1210, 1223 n. 16 (quoting *Trierweiler v. Croxton & Trench*

*Holding Corp.*, 90 F.3d 1523, 1544 (10th Cir. 1996)) (internal citations omitted). The Court determines two of the three considerations weigh in favor of transfer.

First, the Court takes no position regarding the potential merits of Mr. Clark's case. Second, there is a strict one-year statute of limitations for § 2254 petitions. 28 U.S.C. § 2244(d)(1). According to the petition, Mr. Clark was convicted on July 28, 2021. [ECF 1 p. 1] The appellate court affirmed his conviction on June 17, 2022. [ECF 1 p. 2] Mr. Clark filed a petition for writ of habeas corpus in the state court on January 17, 2023, and that court issued its opinion on February 28, 2024. [ECF 1 pp. 3-4] Properly filed state post-conviction or other collateral review procedures toll the one-year statute of limitations. 28 U.S.C. §2244(d)(2). The Court does not have the necessary information to accurately calculate the amount of statutory tolling in this case. It is possible Mr. Clark's one year statute of limitations period already ran—it is also possible it has not yet expired but is near the deadline. Thus, while the Court takes no position on the timeliness of Mr. Clark's petition, dismissing the case without prejudice could result in Mr. Clark's claims being time barred.

Finally, the Court finds no improper motive in Mr. Clark filing his petition in the District of Wyoming. As discussed above, it is not entirely clear where an inmate serving consecutive sentences for convictions arising out of different states should file his petition. While it is possible this Court is a proper venue, the district of Nevada is in a better position to understand the intricacies of state law, the specifics of the state judicial system, and access the necessary documents to adequately determine the federal

constitutional questions raised by Mr. Clark in this case. The Court will therefore transfer the case to the district of Nevada.

## *CONCLUSION*

For the reasons discussed above, this Court determines the District of Nevada is the proper venue for Mr. Clark's petition for writ of habeas corpus pursuant 28 U.S.C. § 2254. Because § 2254 cases are subject to a strict statute of limitations and the Court detects no improper motive for filing the petition first in the District of Wyoming, the Court has concluded it is in the interest of justice to transfer Mr. Clark's case to the United States District Court for the District of Nevada.

**NOW, THEREFORE, THE COURT ORDERS** Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be transferred to the District of Nevada.

Dated this 19th day of February 2025.

                                              Scott W. Skavdahl
                                              United States District Judge