**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

WILLIAM R. CLARK,

                                  Petitioner,

v.

WYOMING DEPARTMENT OF
CORRECTIONS STATE PENITENTIARY
WARDEN,

                                  Respondent.

Case No. 2:24-cv-01720-APG-EJY

**Order Denying
Motion to Dismiss**

[ECF No. 55]

William R. Clark has filed a counseled Second-Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. ECF No. 38.  The respondent has moved to dismiss the Petition. ECF No. 55.  For the reasons discussed below, I deny the motion.

**I.    PROCEDURAL HISTORY**

Based on the facts presented at Clark's trial, the Supreme Court of Nevada gave the following synopsis of Clark's crimes:

> Clark entered [a] casino and passed a note to the cashier that demanded she give him money.  After the cashier told Clark that she could not read the note, Clark motioned as if he had a weapon and threatened the cashier to give him the money so "nobody gets shot."  The cashier then gave Clark about $4,700 from her drawer.

ECF No. 47-26 at 2–3.  Clark was convicted of robbery and burglary and was sentenced to, *inter alia*, life without the possibility of parole under the large habitual criminal statute. ECF No. 45-34.  Clark appealed, and on June 17, 2022, the Supreme Court of Nevada affirmed Clark's convictions but remanded the case to the state court to correct a clerical error in the Judgment of Conviction. ECF No. 47-26.  Remittitur issued on July 12, 2022. ECF No. 47-27.

Clark filed a state habeas petition on January 17, 2023. ECF No. 47-33.  The state court denied the petition on July 31, 2023. ECF No. 48-20.  Clark appealed, and the Nevada Court of Appeals affirmed on February 28, 2024. ECF No. 48-31.  Remittitur issued on March 26, 2024. ECF No. 48-32.

## II.   DISCUSSION

In his counseled Second-Amended Petition, Clark raises the following grounds for relief: (1) his custodial police interview was involuntary, and (2) the trial court improperly relied on unreliable police reports from a recent arrest when sentencing him. ECF No. 38.  The respondent argues that (1) the Second-Amended Petition is untimely and ground 1 does not relate back to Clark's original petition, and (2) grounds 1 and 2 are unexhausted. ECF No. 55.  I address these arguments in turn.

### A.   Timeliness

Clark concedes that his Second-Amended Petition is untimely; however, he contends that ground 1 should relate back to his original, timely petition. ECF No. 64 at 5, 7.

A new claim in an amended petition that is filed after the expiration of the Antiterrorism and Effective Death Penalty Act (AEDPA) one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644 (2005).  Habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction, or sentence. *Id*. at 655–64.  Rather, habeas claims asserted in an amended petition relate back "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon

events separate in 'both time and type' from the originally raised episodes." *Id*. at 657.  In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id*. at 659.  A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be deemed timely. *Id*. at 659 n.5; *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013).

In ground 1, Clark alleges that his Fifth and Fourteenth Amendment rights to due process and to be free from self-incrimination were violated because his custodial interview with police was involuntary. ECF No. 38 at 7.  In this ground, Clark describes the circumstances surrounding his coercive interrogation, including his mental health issues and intoxicated state of mind, how the 12-hour interrogation followed a two-day alcohol binge, and a detective's surreptitious recording of him. *Id*. at 8–9.  Clark contends that this ground relates back to ground 5 of his original petition. ECF No. 64 at 8.  In ground 5 of his original petition, Clark discussed the detective's surreptitious recording of him. ECF No. 1 at 21.  As the respondent correctly notes, Clark did not discuss the following additional facts within ground 5 of his original petition: he was drunk and high, he had not slept for two days, he was mentally unwell, and he got sick during the interview. *See* ECF No. 55 at 7.  Nonetheless, I find that ground 1 of the Second-Amended Petition relates back to ground 5 of the original petition.  These additional facts merely provide greater detail to the operative facts—the coercive interrogation—alleged in the original petition. *See Ross v. Williams*, 950 F.3d 1160, 1168 (9th Cir. 2020) ("In comparing the petitions' sets of facts, we do not require that the facts in the original and amended petitions be stated in the same level of detail.  Relation back may be appropriate if the later pleading 'merely correct[s] technical deficiencies or expand[s] or modif[ies] the facts alleged in the earlier pleading,'

'restate[s] the original claim with greater particularity,' or 'amplif[ies] the details of the transaction alleged in the preceding pleading.'"). Thus, I find that ground 1 is timely.

### B.      Exhaustion

A state prisoner must exhaust state court remedies on habeas claims before presenting those claims to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014). A claim has been fully and fairly presented when a petitioner presented the substantial equivalent of his federal claim to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971). The state courts have been afforded a sufficient opportunity to hear an issue when a petitioner has presented the state court with the issue's factual and legal basis. *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999). A petitioner may reformulate his claims so long as the substance of his argument remains the same. *Picard*, 404 U.S. at 277–78.

As discussed above, in ground 1 Clark alleges that his Fifth and Fourteenth Amendment rights to due process and to be free from self-incrimination were violated because his custodial interview with police was involuntary. ECF No. 38 at 7. The respondent argues that although Clark challenged the trial court's discretion in admitting the recording and challenged the surreptitious nature of the recording, he has not previously raised the allegation that his confession was involuntary or the fact that he was drunk, high, had not slept, was mentally unwell, and got sick. ECF No. 55 at 9. Clark responds that he exhausted ground 1 on direct appeal. ECF No. 64 at 11. In ground 2 of his direct appeal, Clark argued that his "5th

amendment right against self-crimination was violated amounting to prejudicial error and requiring reversal of his convictions" because "(1) a recording of his purported confession was admitted which recording was made surreptitiously in violation of Nevada statute, and (2) testimony by a detective of his purported confession without a proper Miranda warning, was admitted over objection." ECF No. 21-16 at 6.  The Supreme Court of Nevada later articulated Clark's claim as follows: "Clark argues that his incriminating statements should not have been admitted because a portion of his recorded statements violated NRS 179.500, and his confession was not voluntary." ECF No. 21-19 at 3.  I find that Clark fairly presented ground 1 during his direct appeal.  Indeed, contrary to the respondent's too narrow interpretation, ground 1 of the Second-Amended Petition is the substantial equivalent of ground 2 of his direct appeal.  Ground 1 is exhausted.

In ground 2 here, Clark alleges that his Fifth and Fourteenth Amendment rights to due process were violated when the trial court improperly relied on unreliable police reports from a recent arrest in sentencing him to life in prison without the possibility of parole. ECF No. 38 at 12.  The respondent contends that ground 2 is not exhausted because Clark failed to allege any federal constitutional violation when he brought this claim on direct appeal. ECF No. 55 at 9.  Clark again responds that he exhausted ground 2 on direct appeal. ECF No. 64 at 13.  In ground 3 of his direct appeal, Clark argued that his "5th and 14th amendment rights to due process and fair sentencing were violated amounting to prejudice error and requiring reversal of his sentence" because "(1) there was insufficient prior felony convictions to support the large habitual sentencing, and (2) the court relied on a hearsay police report in an unadjudicated criminal case pending in San Diego, to support the life without sentence in this case involving the non-violent theft of less than $5,000." ECF No. 21-16 at 6.  Clark couched ground 3 of his direct appeal in

terms of federal constitutional law by citing the "5th and 14th amendment rights to due process and fair sentencing."  As such, Clark exhausted ground 2. *See Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *as modified* by 247 F.3d 904 (9th Cir. 2001) ("[T]his court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts."); *Casey v. Moore*, 386 F.3d 896, 913 (9th Cir. 2004) (finding that the petitioner did not exhaust his claim because he, *inter alia*, "did not use the term 'due process' or refer to the federal constitution").

## III.    CONCLUSION

I THEREFORE ORDER that the motion to dismiss **(ECF No. 55) is denied.**

I FURTHER ORDER the respondent to file his answer to the Second-Amended Petition on or before August 19, 2026.  Clark will then have 30 days to file his reply.

Dated: June 16, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE